UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11855-RWZ


IRWIN JACOBOWITZ, *et al.*

v.

DARTMOUTH PUBLIC SCHOOLS, *et al.*


ORDER

February 9, 2010

ZOBEL, D.J.

Plaintiffs, the Jacobowitz parents and their three children, initiated this action with the simultaneous filing of two complaints on October 29, 2008.  Plaintiffs were subsequently ordered to identify one of the two complaints as the operative complaint. The 36 page, 11-count complaint they selected alleged that 26 defendants, including state and local agencies, a police department, a school district, and employees of those entities, took various actions in regards to plaintiffs that violated assorted state and federal laws.

An amended complaint followed on April 24, 2009.  It expanded to 41 pages, with 347 paragraphs, and brought 16 claims against 27 named defendants.  Plaintiffs also filed a 36 page, 12-count complaint under Civil Action No. 09-10152-RWZ on January 30, 2009, asserting similar claims against some of the same defendants, and arising out of the same core of events.  On June 10, 2009, plaintiffs served an amended complaint in Civil Action No. 09-10152-RWZ, but this complaint was

apparently never filed with the court as it does not appear in the record.

The court held a status conference on July 14, 2009, at which plaintiffs were ordered to combine both cases into one complaint to be filed by August 21, 2009.  The court also warned plaintiffs that defendants were unable to answer the lengthy and disorganized complaints as then drafted.  Specific deficiencies of the complaints were identified, including the need for each count to clearly identify the relevant plaintiff, defendant(s), and conduct, and the continued inclusion of 42 U.S.C. § 1983 and state law claims brought pro se on behalf of the children (see Docket # 12).

On August 24, 2009, plaintiffs filed their sixth complaint ("8/24 Complaint," Docket # 77).[1]  That complaint combines both cases but fails to clearly identify which plaintiffs are bringing which claims against which defendants, and for what conduct.  It still contains § 1983 and state law claims brought on behalf of the children and stretches to 54 pages and 461 paragraphs.  The list of named defendants is similar to that in the original complaint with the most significant additions being the Commonwealths of Pennsylvania and Massachusetts. Four motions to dismiss the 8/24 Complaint are pending.

## I.      Commonwealth of Pennsylvania - Motion to Dismiss (Docket # 88)

This court may exercise personal jurisdiction over a defendant if that defendant has sufficient minimum contacts with Massachusetts.  See, e.g., Harlow v. Children's Hosp., 432 F.3d 50, 56-58 (1st Cir. 2005).  Plaintiffs have failed to identify any contacts between the Commonwealth of Pennsylvania ("CoP") and Massachusetts.  The bare

---

[1]Plaintiffs chose to file their amended complaint in this case rather than Civil Action No. 09-10152-RWZ, so Civil Action No. 09-10152-RWZ will be closed.

allegation that the CoP provided some funding and exercised an undefined degree of supervision over the Chester County (Pa.) Department of Children, Youth, and Families ("DCYF"), an agency alleged to have contacts with Massachusetts, is insufficient to impute the contacts of DCYF to the CoP.  There is no evidence in the record that the CoP was even aware of the existence of plaintiffs, let alone that it knew DCYF had dealings with plaintiffs which involved out-of-state contacts with Massachusetts. Accordingly, the motion to dismiss for lack of personal jurisdiction is allowed.

## II.    Schwartz Center Defendants - Motion to Dismiss (Docket # 80)

The Schwartz Center defendants, including The Schwartz Center for Children, Kim Bettencourt, Kim Wilmot, and Lynn Sullivan, are not named as defendants in the 8/24 Complaint.  Their motion to dismiss is allowed.

## III.   Commonwealth of Massachusetts and Town of Dartmouth - Motions to Dismiss (Docket ## 82 and 86)

Fed. R. Civ. P. 8 requires "a short and plain statement of the claim."  The 8/24 Complaint, in contrast, is both lengthy and convoluted.  It names 26 defendants, and defendants no longer named still appear in the factual allegations.  The introduction lists some 20 claims sounding in various state and federal laws, but only 17 claims are subsequently developed in the body of the complaint.   Each claim is followed by a lengthy list of unrelated factual allegations against multiple defendants, rather than a comprehensible identification of the relevant conduct and parties.

The court recognizes that plaintiffs appear pro se.  However, they have had six attempts at crafting a complaint.  Plaintiffs elected not to correct the problems with the earlier complaints identified at the July 14 status conference.  To the contrary, the 8/24

Complaint is the longest of all the complaints and asserts more claims than any of its predecessors.  It does not satisfy the requirements of Fed. R. Civ. P. 8, and defendants cannot reasonably be asked to respond to this complaint when they cannot identify what laws they are alleged to have violated and how they are alleged to have violated those laws.[2]  Further, based on the plaintiffs' failure to follow the court's direction in drafting the 8/24 Complaint, the court does not believe that further opportunity to amend is worthwhile.  The motions to dismiss are allowed.

## IV.    Conclusion

The Schwartz Center for Children Motion to Dismiss (Docket # 80) is ALLOWED. The Town of Dartmouth Motion to Dismiss (Docket # 82) is ALLOWED.  The Commonwealth of Massachusetts Motion to Dismiss (Docket # 86) is ALLOWED.  The Commonwealth of Pennsylvania's Motion to Dismiss (Docket # 88) and Motion For Leave to File (Docket # 90) are ALLOWED.  Plaintiffs' Motion to Appoint Counsel (Docket # 91), Motion for Default Judgment (Docket # 92), and Motion for Preliminary Injunction (Docket # 99) are DENIED.

Claims remain outstanding against two defendants named in the 8/24 Complaint, the Department of Children, Youth, and Families and Linda Bell.  Their motion to dismiss in the companion case, 09-10152, was procedurally defective because counsel was neither a member of the bar of this court nor admitted pro hac vice.  If counsel wants to press the motion to dismiss, he shall refile it in this case, Civil Action 08-

---

[2]The plaintiffs cite numerous cases where lengthy complaints survived motions to dismiss.  Those cases all involve allegations of fraud which are subject, at a minimum, to the heightened pleading requirements of Fed. R. Civ. P. 9.  The length of the complaint is also not the determinative issue; Rule 8 requires a short and plain statement of the claim.

11855-RWZ, and correct the defect no later than February 24, 2010.  Plaintiffs shall file

any opposition by March 10, 2010.

    February 9, 2010                        /s/Rya W. Zobel
           DATE                             RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE