UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11855-RWZ

IRWIN JACOBOWITZ, *et al.*

v.

DARTMOUTH PUBLIC SCHOOLS, *et al.*

ORDER
August 26, 2010

ZOBEL, D.J.

On February 9, 2010, this court allowed motions to dismiss by all but the two defendants who had not filed proper motions. (Docket # 105.) Plaintiffs appealed and later moved to withdraw their appeal, and on July 21, 2010, the Court of Appeals ordered that the appeal be voluntarily dismissed pursuant to Fed. R. App. P. 42(b) and entered judgment accordingly.

Plaintiffs now ask that the court "consider the previously filed:

(a) Plaintiffs' motion for extension of time to file opposition and for reconsideration of February 9, 2010, Order; and

(b) Plaintiffs' objection to the Commonwealth of Pennsylvania's motion to dismiss dated 11/13/2009."

Both requests are denied. As to (a), it is unclear what plaintiffs wish to oppose, and the time for reconsideration of the February 9, 2010, order has passed. Moreover,

any motion for reconsideration was superseded by plaintiffs' appeal.  As to (b), plaintiffs did file an opposition (Docket # 94) on November 16, 2009, and the court considered it in ruling on the motion to dismiss.

There remain two identical motions to dismiss for lack of personal jurisdiction by the remaining defendants, the Chester County (Pennsylvania) Department of Children, Youth and Families ("the Department") and Linda Bell, an employee thereof.  (Docket ## 109 and 111.)   Plaintiffs have not filed a response.  The Department is, according to the papers, an entity created by Pennsylvania statute and operated under the direction of the governing body of the County of Chester, a local government unit in the Commonwealth of Pennsylvania.

The court has already found the complaint to be so lengthy and convoluted as to be incomprehensible, in violation of Fed. R. Civ. P. 8 (Docket # 105), and in the absence of any response to the pending motions, the court can discern no basis for the exercise of personal jurisdiction over these Pennsylvania defendants.

Accordingly, the motions to dismiss (Docket ## 109 and 111) are allowed, and judgment may be entered dismissing the complaint against the Department and Linda Bell.

|  |  |
|---|---|
| August 26, 2010 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |